UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2007-145 (WOB)

GREG A. THORNTON                                         PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

MARK D. LEES                                             DEFENDANT


This matter is before the court on the motion of the plaintiff for partial summary judgment. (Doc. #21)

The court heard oral argument on this motion on Wednesday, October 8, 2008. Penny Hendy represented the plaintiff, and Bob Cetrulo represented the defendant. Official court reporter Joan Averdick recorded the proceedings.

The court has reviewed this matter and concludes that issues of fact preclude summary judgment as to defendant's "blackout" defense. In *Rogers v. Wilhelm-Olsen*, 748 S.W.2d 671, 673 (Ky. 1988), the court stated:

> The "blackout" defense adopted by some other jurisdictions amounts to a complete defense against negligence. It says that where the driver of a motor vehicle suddenly becomes physically or mentally incapacitated without warning, he is not liable for injury resulting from the operation of the vehicle while so incapacitated. However, once a *prima facie* case of negligence has been made against the defendant he must demonstrate that the sudden illness or incapacity could not have been anticipated or foreseen. *See e.g., Lutzkovitz v. Murray*, Del., 339 A.2d 64, 93 A.L.R.3d 321 (1975).
>
> The "sudden incapacity" could include actual loss of

> consciousness, dizziness, temporary loss of vision such as experienced by [this driver], epileptic seizure, heart attack and stroke, and the like. All are commonly subsumed under the term "blackout" defense.
>
> We join our many sister jurisdictions today by adopting the "blackout" defense. Where a defendant demonstrates that he suddenly became incapacitated while driving, and the ensuing accident was a result thereof, and further demonstrates that the sudden incapacity was not reasonably foreseeable, he shall have a defense to any liability that would otherwise arise from the accident.
>
> The defense is unavailable where the defendant was put on notice of facts sufficient to cause an ordinary and reasonable person to anticipate that his or her driving might likely lead to the injury of others. . . .
>
> This is an affirmative defense which must be specially pleaded. <u>Once the court is satisfied that the defendant has produced sufficient evidence of the defense to withstand a peremptory verdict, the question of liability thereon is a factual one for the jury to decide.</u>

*Id.* (emphasis added).

The *Lutzkovitz* case, cited by the Kentucky court in *Rogers*, specifically held that where the defendant adduces evidence supporting the blackout defense, and where the plaintiff adduces evidence of the defendant's medical history that bears on whether the defendant should reasonably have foreseen a possible loss of control, the issue of foreseeability is for the jury. *Lutzkovitz v. Murray*, 339 A.2d 64, 67 (Del. 1975).

Other jurisdictions also uniformly hold that the question of foreseeability in the context of the blackout defense is generally one for the trier of fact. *See Cole v. Layrite Products Co.*, 439 F.2d 958, 960 (9th Cir. 1971) (evidence was for

jury on issue of whether driver suffered unforeseeable lapse of consciousness that caused him to lose control of vehicle); *McCall v. Wilder*, 913 S.W.2d 150, 157 (Tenn. 1995) (whether driver should have foreseen possibility of incapacity, given his medical history, was for jury); *Storjohn v. Fay*, 519 N.W.2d 521, 527 (Neb. 1994) (where evidence is conflicting as to whether loss of consciousness was unforeseen, "it is a question of fact to be determined by the jury"); *Memphis Transit Mgmt. Co. v. Bradshaw*, 403 S.W.2d 298, 299-300 (Tenn. 1966) (holding that "it was for the jury to say whether [the driver] as a reasonable prudent man, after he became nauseated, should have foreseen in the event he continued to operate the bus he might become physically incapable of properly operating the bus"); *Renell v. Argonaut Liquor Co.*, 365 P.2d 239, 242 (Colo. 1961) (where driver claimed he blacked out due to lack of sleep, it "was exclusively within the province of the jury to determine whether he knew or should have known that he might 'black out' or 'faint' because of exhaustion"); *Cooke v. Grigg*, 478 S.E.2d 663, 665 (N.C. App. 1996) (question of whether driver's blackout was foreseeable, given his medical history, was properly submitted to jury).

Here, the totality of the facts indicates that there is a triable issue as to whether it was foreseeable to defendant that, having taken his midday insulin shot and but thereafter consuming only snacks, he would pass out while driving from his home in

Cincinnati to Newport, Kentucky to a restaurant for lunch. Both parties make strong arguments in support of their position, but this merely underscores the court's conclusion that the question of foreseeability is one for a jury.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1) The motion of the plaintiff for partial summary judgment (Doc. #21) be, and is hereby, **DENIED**;

(2) A **Final Pretrial and Settlement Conference is SET for Friday, December 5, 2008 at 2:00 p.m.** Counsel for plaintiff is ordered to have their client present at such conference; and Counsel for defendant is ordered to have the appropriate official from the insurance company, <u>fully authorized to negotiate a settlement</u>, present in person at such conference. The parties' attention is directed to <u>Lockhart v. Patel</u>, 115 F.R.D. 44 (E.D. Ky. 1987). Disobedience to this Order will result in severe sanctions. No exceptions to attendance shall be made without the express approval of the court. A copy of the court's standard final pretrial order shall enter concurrently herewith; and

(3) This matter is hereby **SET FOR A JURY TRIAL on Monday, January 5, 2009 at 10:00 a.m.**

This 10th day of October, 2008.



Signed By:
William O. Bertelsman   W.OB
United States District Judge

TIC: 25 min.

5